**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 06 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**NICHOLAS J. WAGNER**
**DARRON S. STEWART**
**DAVID W. STEWART**
Stewart & Stewart Attorneys
Carmel, Indiana

ATTORNEY FOR APPELLEES:

**COURT L. FARRELL**
Bruce P. Clark & Associates
St. John, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTINA HAEHN, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1403-CT-99 |
| | ) | |
| F.A. WILHELM CONSTRUCTION CO., INC., | ) | |
| and WILHELM CONSTRUCTION, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Jack A. Tandy, Special Judge
Cause No. 73C01-1002-CT-3

**October 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Christina Haehn ("Haehn") appeals the denial of her motion to correct error, which challenged an order that she pay F.A. Wilhelm Construction Co., Inc. and Wilhelm Construction, Inc. (collectively, "Wilhelm") $1,000.00 in attorney's fees under the Qualified Settlement Offer Statute, Indiana Code Section 34-50-1-1-1 et seq. She presents the sole issue of whether the award was erroneous because the request was untimely. We reverse.

**Facts and Procedural History**

On May 13, 2008, Haehn was riding a horse in Barn 7 at the Indiana Downs horse track in Shelbyville. Construction was ongoing at Indiana Downs and at the Indiana Grand Casino ("the casino"). Wilhelm employees were working at the casino on the date in question.

While Haehn was riding her horse, the horse reared up and tossed her to the ground; she sustained injuries as a result. On February 18, 2010, Haehn filed suit against several parties, including Wilhelm. Haehn alleged that a truck's tailgate slammed onto the ground, frightening her horse. According to Haehn's complaint, this caused the horse to throw her to the ground and injure her. Haehn further alleged that Wilhelm's negligence in the performance of its construction work was a proximate cause of her injuries.

Wilhelm filed a motion for summary judgment on December 4, 2012. On May 8, 2013, a hearing was conducted on Wilhelm's motion. Following recusal of the trial court judge, a second hearing was conducted on September 24, 2013. On October 11, 2013, the trial court entered judgment in favor of Wilhelm and several other defendants.

On November 27, 2013, Wilhelm filed a motion for costs and fees, arguing that Haehn's failure to voluntarily dismiss Wilhelm from the litigation amounted to continuation of a frivolous action, see Ind. Code § 34-52-1-1 et seq., and that Haehn was obligated to pay additional attorney's fees under the Qualified Settlement Offer Statute. At Wilhelm's request, on December 16, 2013, the trial court again entered summary judgment as a final judgment.

Wilhelm was awarded attorney's fees in two separate orders of the trial court. One of those orders, entered February 3, 2014, awarded Wilhelm $1,000 under the Qualified Settlement Offer Statute. Haehn filed a motion seeking the trial court's reconsideration; the motion was denied. This appeal ensued.

## Discussion and Decision

Indiana Code Section 34-50-1-2 provides that a qualified settlement offer may be made in a tort action. Pursuant to Indiana Code Section 34-50-1-6, attorney's fees of $1,000.00 or less may be recovered if:

(1)     A recipient does not accept a qualified settlement offer; and

(2)     The final judgment is less favorable to the recipient than the terms of the qualified settlement offer[.]

Subsection (c) requires that: "[a] motion for an award of attorney's fees, costs, and expenses under this section must be filed not more than thirty (30) days after entry of judgment."

The parties agree that Wilhelm made a qualified settlement offer of $250.00, Haehn rejected this offer, and Haehn ultimately received less, that is, zero. However, they dispute the timeliness of Wilhelm's request. According to Haehn, the date of final judgment

3

triggering the thirty-day filing requirement was October 11, 2013. According to Wilhelm, the date of final judgment is December 16, 2013.

Indiana Trial Rule 54(B), applicable to judgment upon multiple claims or involving multiple parties provides in relevant part:

> When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The summary judgment order entered on October 11, 2013 provided in pertinent part:

> The Court, finding no reason for delay, enters final judgment for Defendants RushShelby Energy Rural Electric Cooperative, Inc., and RushShelby Electrical Community Fund, Inc.; Gilliate General Contractors, Inc.; and F.A. Wilhelm Construction, and Wilhelm Construction, Inc.

(App. 35.) This order comported with the certification requirements of Trial Rule 54(B). Although Wilhelm inexplicably asked the trial court to do what it had already done, and the trial court entered an order on December 16, 2013, the second order was duplicative. It did not alter the fact that final judgment was entered on October 11, 2013; thus, Wilhelm had not more than thirty days thereafter to request attorney's fees under the Qualified Settlement Offer Statute.

Wilhelm's request for $1,000.00 attorney's fees was filed on November 27, 2013, forty-seven days later. The relevant statute includes an explicit time requirement, one with which Wilhelm did not comply.

Reversed.

4

NAJAM, J., and PYLE, J., concur.